**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **STEVEN ARCHIBALD, et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 10-458-P-H** |
| | ) | |
| **GMAC MORTGAGE LLC,** | ) | |
| | ) | |
| **Defendant** | ) | |

**REPORT OF HEARING AND ORDER**
**RE: SCHEDULING**

Held in Portland by telephone on November 9, 2010, at 10:00 a.m., 12:30 p.m., and 4:30 p.m.

Presiding: John H. Rich III, United States Magistrate Judge

Appearances: For Plaintiffs: Charles Delbaum, Esq., Andrea Bopp Stark, Esq., Arielle Cohen, Esq., Nina Simon, Esq., Karuna Patel, Esq., Stuart Rossman, Esq., Thomas Cox, Esq.

For Defendant: John Aromando, Esq.

This telephone conference was held at the court's request to discuss scheduling of a hearing on the plaintiffs' pending motion for stay, temporary restraining order, and/or preliminary injunction, Docket Nos. 8-14 and 13. At the continuations of the conference, beginning at 12:30 and 4:30 p.m., only Attorneys Delbaum, Stark, and Aromando participated.

Counsel indicated at the outset of the initial conference that the defendant had agreed to enter into a standstill agreement, pursuant to which it would suspend all foreclosure sales of residential

properties in Maine until the court has ruled on the issue of injunctive relief. Counsel for the plaintiffs stated that this would be acceptable only if the defendant also agreed to refrain from evicting any mortgagors whose Maine residences had already been sold after foreclosure. Attorney Aromando stated that he would review this request with his client. Counsel for the plaintiff also stated that they wished to have their motion for class certification, Docket Nos. 8-11 and 12, before the court for consideration by the court when the motion for injunctive relief was considered. They affirmed that the class sought to be certified at this time is an injunctive class, not a damages class. All counsel agreed that any hearing to be held would be a consolidated hearing, at which both the request for a temporary restraining order and the request for a preliminary injunction would be considered together. They also agreed that the hearing would not involve testimony other than the submission of affidavits and could be scheduled for two hours.

Attorney Aromando proposed that the defendant's responses to the plaintiffs' motions for injunctive relief and class certification, as well as its responsive pleading to the complaint, be filed on Monday, November 15, 2010, so long as the hearing on the motions could be held on November 16 or 17, 2010. I suggested that the defendant file its responses to the motions by noon on Monday, November 15, and its responsive pleading to the complaint by noon on Tuesday, November 16, and that the plaintiffs file their replies by noon on Tuesday, November 16, so that Judge Hornby could hold the hearing on Wednesday, November 17, or on Monday, November 22, if he were able to do so. This was acceptable to the parties, and the conference was adjourned so that I could consult with Judge Hornby and Attorney Aromando could consult with his client.

At the first continuation of the conference at 12:30 p.m., I informed counsel that Judge Hornby had indicated his willingness to conduct the hearing on Friday, November 12. Therefore, I

***ORDERED*** that the defendant file its responses to the motions by noon on Thursday, November 11, 2010, with no replies from the plaintiffs permitted, and that the hearing would be held on Friday, November 12, 2010 at 10 a.m. Attorney Aromando reported that his client, which in many cases serves only as the servicing agent on mortgage loans in Maine, had no control over evictions following foreclosure sales of properties subject to those mortgages, and that he was still in the process of finding out whether any such evictions are currently underway. Attorney Delbaum indicated that the plaintiffs would accept a standstill agreement pursuant to which the defendant would suspend all residential foreclosure sales in Maine and not participate in or facilitate any evictions after foreclosure sales in Maine, and Attorney Aromando agreed to those terms on behalf of the defendant.

Attorney Delbaum indicated that he will be filing a one-paragraph statement of the legal standard for the issuance of temporary restraining orders and preliminary injunctions in the First Circuit, because the plaintiffs' motion papers, having been filed in state court before the defendant removed this action to this court, set forth only the Maine state legal standards for such relief. I ***ORDERED*** him to file this supplemental document no later than noon on November 10, 2010.

Attorney Aromando indicated that he would discuss with his client the possibility of entering into a standstill agreement on the terms specified above for a period of time extending into December 2010, making it possible for a hearing on the combined motions for injunctive relief to be held on or after December 8, 2010. After the first continuation of the conference was adjourned, he contacted the court and indicated that his client preferred the December alternative.

The second continuation of the conference followed at 4:30 p.m. At that time, the defendant agreed to stay the foreclosure sale of putative class members' homes and/or the

eviction of putative class members from those homes (if controlled by the defendant) on the authority of judgments of foreclosure obtained in GMAC-owned and/or –serviced foreclosure actions that relied on affidavits executed by Jeffrey Stephan until the hearing on the plaintiffs' motion for injunctive relief, which is now scheduled for 10 a.m. on Friday, December 10, 2010. By agreement of counsel, the foregoing language was submitted via email to the court this morning along with the statement that, for purposes of this agreement, putative class members are defined as Maine homeowners with a GMAC Mortgage-owned and/or -serviced mortgage where summary judgment has entered and the home secured by the mortgage has not yet been foreclosed upon by completion of the sale or where the foreclosure sale has occurred but the class member has not been evicted from the home. The December 10 hearing is set for two hours, without live testimony, although counsel stated that they would find it helpful to have more time to argue their respective positions.

Without objection, I ***ORDERED*** that the defendant file its opposition to the motions for injunctive relief and for class certification no later than November 22, 2010, as well as its responsive pleading to the complaint. The plaintiffs shall file any replies to the defendant's oppositions no later than December 3, 2010. Counsel for the defendant agreed that GMAC would provide notice to any mortgagors who would be affected by the terms of the standstill agreement.

***SO ORDERED***.

**CERTIFICATE**

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 10th day of November, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge