UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

NICOLLE BRADBURY, ET AL.,        )
                                 )
            PLAINTIFFS           )
                                 )
v.                               )      CIVIL NO. 10-458-P-H
                                 )
GMAC MORTGAGE, LLC.,             )
                                 )
            DEFENDANT            )

**DECISION AND ORDER ON PLAINTIFFS' MOTION TO REMAND; DEFENDANT'S MOTION TO DISMISS COUNTS II, III AND IV; AND PLAINTIFFS' MOTION FOR ORDER OF NOTICE TO PUTATIVE CLASS**

This lawsuit seeks damages and injunctive relief against a mortgage company, GMAC Mortgage, LLC ("GMAC"), on behalf of Maine homeowners threatened with foreclosure or eviction. The plaintiffs filed their lawsuit in state court, but the defendant removed it to federal court on the basis of diversity of citizenship,[1] and the Class Action Fairness Act.[2] I heard oral argument on pending motions on January 27, 2011.

**MOTION TO REMAND**

The plaintiffs request at the outset that I remand the case, or part of it, back to state court.[3] That at-the-outset motion is **DENIED**. Even if the so-called Rooker-Feldman doctrine should destroy subject matter jurisdiction over some

---

[1] 28 U.S.C. § 1332(a).
[2] 28 U.S.C. § 1332(d). See Notice of Removal at 1, 7 (Docket Item 1).
[3] Pls.' Mot. for Partial Remand at 1 (Docket Item 41); Pls.' Reply to Def.'s Opp'n to Mot. for Partial Remand at 1 (Docket Item 67).

claims (an issue I examine later in this opinion), there is indisputably federal subject matter jurisdiction based upon diversity of citizenship as to the last three counts, that make claims only for damages based upon Maine common law, arising out of GMAC's allegedly improper behavior.[4]  Since federal subject-matter jurisdiction exists on these claims, I cannot yet remand the case to state court.[5]  Only once I have resolved all claims over which there is federal subject matter jurisdiction, can I then remand claims over which there is no federal subject matter jurisdiction.[6]  The plaintiffs cite no statute or case that approves remanding part of the case while the rest of the case proceeds actively in federal court.[7]  Instead, the statute speaks clearly in terms of removal and remand of the *case*, not individual claims.[8]

I proceed therefore to deal with GMAC's motion to dismiss the plaintiffs' Maine common law damages claims.

---

[4] I do not resolve whether there is jurisdiction under the Class Action Fairness Act (CAFA).  The plaintiffs' complaint limited their claim for class-wide damages to $4,999,999, Am. Compl. ¶ 19 (Docket Item 2-27), but the defendant argues that it involves more than $5 million and satisfies CAFA's jurisdictional amount.  Notice of Removal at 8-10.

[5] Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 819 (7th Cir. 2010) ("Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court.").

[6] Id. ("If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest—unless the balance can be handled under the supplemental jurisdiction."); Hudson Sav. Bank v. Austin, 479 F.3d 102, 108 (1st Cir. 2007) (proper procedure is staying the claim that the federal court is unable to adjudicate, adjudicating the dispute(s) over which it has jurisdiction, then "remanding what was left . . . to the state court for resolution").

[7] I discuss later what happens when all federal action is stayed.

[8] See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 392 (1998) ("ordinary reading" gives that interpretation, although "[c]onceivably" one could interpret "case" to mean "a claim within a case as well as the entire case").

# MOTION TO DISMISS

## A. *Good Faith and Fair Dealing*

The plaintiffs agree to the dismissal of Count IV, their claim for breach of the implied covenant of good faith and fair dealing (erroneously referred to as a second Count III in the Amended Complaint).[9]

## B. *Abuse of Process*

I **GRANT** GMAC's motion to dismiss Count II, claiming abuse of process. The alleged abuse of process is the filing of false certifications and affidavits in support of GMAC's motions for summary judgment in various Maine foreclosure proceedings. Maine's Law Court recently has described the necessary elements of a claim for abuse of process under Maine law. In Advanced Construction Corp. v. Pilecki,[10] it held: "Two elements are required to sustain a claim for abuse of process: (1) 'the use of process in a manner improper in the regular conduct of the proceeding;' and (2) 'the existence of an ulterior motive.'" Even if the challenged affidavits and certifications used here are "process,"[11] their use in the Maine proceedings as alleged in the Amended Complaint does not satisfy Advanced Construction's "improper" use

---

[9] Pls.' Opp'n to Def.'s Mot. to Dismiss Compl. at 1 (Docket Item 59).
[10] 901 A.2d 189, 197 (Me. 2006) (quoting Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell, 708 A.2d 283, 286 (Me. 1998)).
[11] I have some doubt that these documents are "process" as that term is used in the Maine Rules of Civil Procedure and the Maine statutes. See Me. R. Civ. P. 4; 14 M.R.S.A. §§ 551-713 (Chapter 203, "Process"). Generally the term refers to "legal process" invoking state power such as a subpoena, attachment, and a mechanic's lien. Some of the cases, however, refer to "discovery" as "process," e.g., Advanced Constr. Corp. v. Pilecki, 901 A.2d 189, 197 (Me. 2006) ("abuse of process claims can . . . arise from the misuse of the procedures for obtaining a lien" and also "when litigants misuse individual legal procedures, such as discovery, subpoenas, and attachment, after a lawsuit has been filed"). Arguably the Law Court was referring there to discovery filings that invoke state power in demanding a response, such as a notice of deposition, the filing of interrogatories, or a request for admissions. I do not resolve here whether the filing of an affidavit or certification meets the definition of process.

requirement. They were used to win the foreclosure lawsuits, and that is a proper use of such documents.[12] If they were false (false documents and testimony are a deep concern to any judge or court), then the remedy is to seek to vacate the judgment that was obtained,[13] not to start a new lawsuit alleging abuse of process. A contrary ruling would mean that the outcome of every lawsuit could produce a later lawsuit by the unhappy loser, seeking damages on account of the outcome of the former lawsuit and claiming that it resulted from false testimony or false affidavits. For that same reason, Maine law accords an absolute privilege against liability in later lawsuits "for statements made in the course of judicial proceedings."[14]

C.     *Fraud on the Court*

I **GRANT** GMAC's motion to dismiss Count III, seeking compensatory damages, costs, attorney fees, and punitive damages for fraud on the court.[15] No Maine caselaw recognizes such a basis for a private damage recovery.[16] (It is not even mentioned in the Maine treatise on tort law.[17]) Fraud on the court may be a ground for a perjury prosecution, for vacating a judgment, for lawyer discipline, or for sanctions under Me. R. Civ. P. 11, but it is not a ground for

---

[12] Tanguay v. Asen, 722 A.2d 49, 50 (Me. 1998) ("Regular use of process . . . cannot constitute abuse, even if a decision to act or a decision not to act, was influenced by a wrongful motive.").
[13] See Me. R. Civ. P. 60(b)(3) ("the court may relieve a party . . . from a final judgment, order, or proceeding" on the basis of fraud, misrepresentation, or other misconduct of an adverse party).
[14] Creamer v. Danks, 863 F.2d 1037, 1037 (1st Cir. 1988) (absolute privilege not limited to defamation claims); see also JACK H. SIMMONS, DONALD N. ZILLMAN & DAVID D. GREGORY, MAINE TORT LAW § 17:09 at 17-21 (2004 ed.) ("Where the privilege applies, all causes of action, not just defamation claims, are barred.")
[15] See Am. Compl. ¶¶ 196-205, Prayer for Relief ¶¶ 3-5.
[16] In In re Compact Disc Minimum Advertised Price Antitrust Litigation, 456 F. Supp. 2d 131, 141 n.13 (D. Me. 2006), I noted a split in out-of-state authorities on whether an independent damages action was recognized for fraud upon the court, but did not then resolve the issue of Maine law.
[17] SIMMONS ET AL., *supra* note 14.

the recovery of damages by a party in a later lawsuit. The Law Court has referred to such conduct only as the basis for challenging the validity of a judgment and obtaining relief from the judgment, as part of the state court's equity jurisdiction.[18]

## MOTION TO REMAND REVISITED

As a result of these rulings on GMAC's motion to dismiss, only Count I remains, seeking damages and injunctive relief against GMAC under the Maine Unfair Trade Practices Act.[19] At oral argument, the plaintiffs' lawyer clarified that Count I's injunctive relief claim extends only to cases where a foreclosure lawsuit had been commenced before this putative class action was filed on October 1, 2010.[20] I therefore consider once again whether this remaining part of the case can be remanded to state court now that the three damages-only counts have been dismissed. I conclude that the answer still is no, because parts of the relief the plaintiffs seek are still within federal subject matter jurisdiction.

The plaintiffs invoke both the Rooker-Feldman doctrine and Younger abstention as reasons why I should remand. The Rooker-Feldman doctrine is

---

[18] E.g., Randall v. Conley, 2 A.3d 328, 331 (Me. 2010) (referring to vacating a court judgment on the basis of fraud); Lewien v. Cohen, 432 A.2d 800, 805 (Me. 1981) ("Equity has traditionally afforded relief from judgments void because of fraud."). See also In re Adoption of Patricia S., 976 A.2d 966, 972 (Me. 2009) (an adoption can be annulled if it was obtained by fraud upon the court); In re Knapp's Estate, 99 A.2d 331, 339-340 (Me. 1953) (discussing whether probate court accounting could be reopened for fraud upon the court).

[19] Am. Compl. ¶¶ 172-184, Prayer for Relief ¶ 2. In a recent opposition to a motion to intervene, GMAC requested that I also dismiss Count I, but that request is still pending and the plaintiffs have not yet filed a response. See Def.'s Opp'n to Mot. to Intervene at 1 (Docket Item 77); Mot. to Dismiss First Amended Compl. (Docket Item 78).

[20] Specifically, he clarified that the Amended Complaint's prayer seeking equitable relief as to future GMAC foreclosure proceedings applies only to reinstitution of such proceedings against homeowners who have already been the subject of foreclosure proceedings.

based upon two U.S. Supreme Court cases, Rooker v. Fidelity Trust Co.,[21] and District of Columbia Court of Appeals v. Feldman.[22] The Supreme Court clarified its scope recently in Exxon Mobil Corp. v. Saudi Basic Industries Corp.,[23] and in Lance v. Dennis.[24] It means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court.

Here the parties disagree over whether the Rooker-Feldman jurisdictional limitation applies. The plaintiffs say that it does apply, because their challenge is to state foreclosure judgments and their consequences, such as eviction. GMAC says that the limitation does not apply because the plaintiffs are not claiming that the state courts did anything wrong, but are challenging only the conduct of a litigant (the defendant GMAC) that produced the state court outcome.

In Kougasian v. TMSL, Inc.,[25] the Ninth Circuit dealt with a similar lawsuit seeking to set aside state court judgments obtained through fraud and abuse of process. The court reaffirmed its earlier holding in Noel v. Hall,[26] that "Rooker-Feldman . . . applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief

---

[21] 263 U.S. 413 (1923).
[22] 460 U.S. 462 (1983).
[23] 544 U.S. 280 (2005).
[24] 546 U.S. 459 (2006).
[25] 359 F.3d 1136, 1139 (9th Cir. 2004).
[26] 341 F.3d 1148, 1164 (9th Cir. 2003).

from the state court judgment."[27] The Ninth Circuit then ruled that Rooker-Feldman did not preclude federal jurisdiction over a lawsuit seeking to set aside a state court judgment obtained through an allegedly false declaration, where there was no assertion that the state court had committed legal error.[28] I follow Kougasian and conclude that Rooker-Feldman does not destroy subject matter jurisdiction over Count I here, because the plaintiffs' claim is that GMAC's conduct produced the state court judgments they attack, not that the Maine courts committed legal error.

The Younger abstention doctrine counsels federal courts not to interfere by injunction with ongoing state judicial proceedings,[29] here any pending state foreclosure proceedings. When damages are requested, however, the doctrine commonly calls upon the federal court merely to stay the damages claim until the state lawsuit is resolved, not dismiss or remand the claim for damages altogether.[30] Here, even if Younger abstention does apply, the foreclosure actions, including those pending at the time GMAC removed this action to federal court,[31] have since been resolved,[32] and I must therefore now proceed

---

[27] Kougasian, 359 F.3d at 1140.
[28] Id. at 1139, 1141. The First Circuit has not ruled on this issue. In Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006), it cited Noel v. Hall approvingly. In Davison v. Government of Puerto Rico, 471 F.3d 220, 223 (1st Cir. 2006), it applied Rooker-Feldman, but there it said that the federal lawsuit "would require us to declare that the state court wrongly decided Plaintiffs' claim," not the assertion here. Likewise, in Silva v. Massachusetts, 351 Fed. Appx. 450, 457 (1st Cir. 2009), it applied Rooker-Feldman where "[i]n order for the district court to grant the Silvas this relief that they requested, the district court would have 'to declare that the state court wrongly decided [the Silvas'] claim' in the state foreclosure action," again not the case here. Id. at 456 (quoting Davison, 471 F.3d at 223).
[29] Younger v. Harris, 401 U.S. 37 (1971).
[30] See, e.g., Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721, 731 (1996); Rossi v. Gemma, 489 F.3d 26, 38 (1st Cir. 2007).
[31] Younger abstention requires federal courts to abstain when state court proceedings were pending at the time of removal. See, e.g., Beltran v. California, 871 F.2d 777, 782 (9th Cir.
*(continued next page)*

on the merits of the damages claim. As I have already explained, I cannot remand part of the case (the claim for equitable relief) while the rest (the claim for damages) proceeds actively in federal court.[33]

The plaintiffs' motion to remand is therefore **DENIED**, even as to the remaining Count I.

### MOTION FOR ORDER OF NOTICE TO PUTATIVE CLASS

Because I deny the motion for partial remand, the plaintiffs' motion for partial notice to the putative class is **DENIED** as moot.

**SO ORDERED.**

**DATED THIS 16TH DAY OF FEBRUARY, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

1988); see also Pls.' Reply to Def.'s Opp'n to Mot. for Partial Remand at 8 ("Court should look at what state proceedings were pending at the time Defendant removed").

[32] On November 4, 2010, when GMAC removed this action to federal court, two plaintiffs had pending state foreclosure proceedings. Attach. A to Def.'s Mem. in Opp'n to Mot. for Partial Remand (Docket Item 55-1). Those foreclosure actions have since concluded. Id. In the one state court case not entirely concluded, the foreclosure action was dismissed without prejudice and only an appeal relating to an award of fees and costs remains. Response in Opp'n to Mot. to Remand to State Court (Docket Item 55).

[33] On January 28, 2011, Charles and Rita Baldwin, against whom a foreclosure action that has not yet gone to judgment is pending, filed a motion to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B). Mot. and Incorporated Mem. of Law for Leave to Intervene (Docket Item 73). That motion is still pending and is not yet fully briefed for ruling. If the intervention occurs, Younger principles would call at most for a stay of the damages claim here while the state court completes its proceedings. See Quackenbush, 517 U.S. at 721, 731. Because Younger does not control the outcome on this motion, I need not decide whether Younger abstention applies in diversity proceedings, an issue the parties have not briefed. The Supreme Court has seemed to assume that it does apply. Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) (evaluating Younger abstention in a diversity action, although concluding that Younger abstention was improper there because no state proceeding was pending). But see Jenkins v. Martin, 2006 U.S. App. LEXIS 24835, at *3-4 (7th Cir. 2006) (Younger does not apply in diversity jurisdiction).

8