# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| NICOLLE BRADBURY, ET AL., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | CIVIL NO. 10-458-P-H |
| | ) | |
| GMAC MORTGAGE, LLC., | ) | |
| | ) | |
| DEFENDANT | ) | |

## PROCEDURAL ORDER

At my direction the Clerk's Office is expediting briefing on the plaintiffs' Motion and Incorporated Memorandum of Law for Procedural Orders (Docket Item 82), a motion that I understand is opposed in part.

It is important to clarify the record.

The Motion begins: "This Court has directed Plaintiffs to respond to Defendant GMAC Mortgage LLC's request to dismiss Count I 'incorporated within the Defendant's Response #77' by March 4, 2011. Plaintiffs seek a two week extension of time until March 18, 2011 to respond and an opportunity to file a surreply." Pls.' Mot. and Incorporated Mem. of Law for Procedural Orders at 1 (citation omitted).

What happened is this. When I read the defendant's Opposition to Motion to Intervene filed on February 11, 2011, I noticed that it "now requests dismissal of the First Amended Complaint in its entirety . . . ." Def.'s Opp'n to Mot. to Intervene at 1 (Docket Item 77). Since the document had been docketed only as a response in opposition to a motion to intervene, I directed

the Clerk's Office to docket it as a motion as well, in light of that request, so that the request for dismissal would be drawn to the plaintiffs' attention. I did not know whether the plaintiffs would object to its consideration or respond on the merits. In any event, the Clerk's Office docketed it as a motion to dismiss, which automatically established a response deadline. See Mot. to Dismiss First Am. Compl. (Docket Item 78). In the meantime, however, the underlying motion to intervene was withdrawn on February 17, 2011. See Notice of Withdrawal of Mot. to Intervene and Mot. for Leave to File Proposed Pleadings (Docket Item 81). Thus, the procedural status of the request for dismissal has become even more unclear than when I directed the Clerk's Office to reflect the request on the docket. The plaintiffs also seek an opportunity to file a surreply since, they say, the defendant's reply will be their "first opportunity to learn Defendant's arguments" with regard to its request for dismissal. Pls.' Mot. and Incorporated Mem. of Law for Procedural Orders at 3. The defendant consents to a partial extension of time, but otherwise objects. Id.

Counsel shall meet and confer on how to proceed, rather than waste further valuable time and money over procedural wrangling. If they are unable to agree, they shall request a scheduling conference with me or the Magistrate Judge.

**SO ORDERED.**

**DATED THIS 22ND DAY OF FEBRUARY, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE**