UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NICOLLE BRADBURY, ET AL., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | CIVIL NO. 10-458-P-H |
| | ) | |
| GMAC MORTGAGE, LLC., | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT 1**

Only one count remains in the plaintiffs' First Amended Complaint—Count I, a claim under the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A <u>et seq</u>. The defendant GMAC has moved to dismiss that claim, asserting that it is barred by Maine's common law absolute privilege for statements made during judicial proceedings. Because Maine's Law Court has never addressed whether that common law privilege applies to a statutory claim, and decisions from other jurisdictions are divided, I conclude that it is appropriate to certify the issue of Maine law to the Maine Supreme Judicial Court sitting as the Law Court pursuant to 4 M.R.S.A. § 57 and Rule 25(a) of the Maine Rules of Appellate Procedure.[1]

**WAIVER**

First, however, I reject the plaintiffs' argument that GMAC has waived the judicial proceedings privilege by failing to assert it in either its first motion

---

[1] I do not at this point rule on the motion to dismiss the injunctive relief request. Unlike absolute immunity, it would not dispose of the case in its entirety.

to dismiss or in its Answer.[2] Failure to plead an affirmative defense generally results in waiver of the defense.[3] But here GMAC's Answer does raise the defense of failure "to state a claim upon which relief can be granted."[4] That defense is capable of encompassing the judicial proceedings privilege.[5] As the First Circuit said in Williams v. Ashland Engineering Co. Inc., unless there has been unfair prejudice, "general, non-specific language in a defendant's answer . . . suffices to preserve an affirmative defense."[6]

The reason Federal Rule of Civil Procedure 8(c) requires pleading an affirmative defense is "to give the court and the other parties fair warning that a particular line of defense will be pursued."[7] However, "'[w]here . . . a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it,' the Court may excuse the failure to plead it earlier."[8] The First Circuit has instructed trial court judges to "examine the totality of the circumstances and make a practical, commonsense assessment" on whether there has been surprise and unfair prejudice.[9]

---

[2] Pls.' Opp'n to Def.'s Second Mot. to Dismiss at 11 (Docket Item 87). Given the argument of waiver, I am puzzled by the plaintiffs' argument that it is premature to bring a motion to dismiss based upon the privilege. See id. at 13.
[3] Fed. R. Civ. P. 8(c); Williams v. Ashland Eng'g Co. Inc., 45 F.3d 588, 593 (1st Cir. 1995), abrogated on other grounds by Carpenters Local Union No. 26 v. United States Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000).
[4] Def. GMAC Mortgage, LLC's Answer to Pls.' First Am. Class Action Compl. at 20 (Docket Item 28) ("Second Defense").
[5] 2 MOORE'S FEDERAL PRACTICE § 12.34[4][b] (Matthew Bender 3d ed.) (Dismissal under Rule 12(b)(6) may be appropriate when a successful affirmative defense, such as the absolute immunity of a defendant, appears on the face of the complaint).
[6] 45 F.3d at 593.
[7] Id.
[8] Shapiro v. Haenn, 222 F. Supp. 2d 29, 42 (D. Me. 2002) (quoting Williams, 45 F.3d at 593). See also Lafreniere Park Found. v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000) (affirmative defense "will not be deemed to have been waived so long as it was asserted 'at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond'") (cited in Davignon v. Clemmey, 322 F.3d 1, 16 (1st Cir. 2003)).
[9] Williams, 45 F.3d at 593.

Here, there was no undue delay in asserting the judicial proceedings privilege and no unfair prejudice to the plaintiffs in allowing GMAC to assert the defense, if it is a viable defense. Procedurally, we are still at the beginning stages of this lawsuit (discovery has not commenced), and both parties have fully briefed the judicial proceedings privilege issue.[10]

Thus, I conclude that there was no waiver.

### UNCERTAIN QUESTION OF MAINE LAW

Maine has recognized a privilege for witnesses testifying in judicial proceedings since the nineteenth century.[11] In a 1978 case, Dineen v. Daughan, the Law Court reaffirmed and extended the privilege, finding that "allegations made in pleadings are absolutely privileged."[12] Maine's tort law treatise says that "[w]here the privilege applies, all causes of action, not just defamation claims, are barred."[13] The absolute privilege "reflects public policy regarding the importance and necessity of the free flow of information during such proceedings."[14]

---

[10] I also reject the argument that GMAC cannot assert the privilege because the allegedly false affidavits in question were those of its employee. Pls.' Opp'n to Def.'s Second Mot. to Dismiss at 9. The plaintiffs have cited no cases holding that corporations may not assert the privilege, and the case law from other jurisdictions is to the contrary. See, e.g., Heavrin v. Nelson, 384 F.3d 199, 202 (6th Cir. 2004) (as a result of the judicial proceedings privilege, "'no civil action will lie' against Boeing [a corporate defendant] on the basis of those proofs of claim or that testimony [of Boeing's employee]") (applying Kentucky law).

[11] Garing v. Fraser, 76 Me. 37 (1884); Barnes v. McCrate, 32 Me. 442 (1851).

[12] 381 A.2d 663, 664 (Me. 1978) (expanding the judicial proceedings privilege to attorneys).

[13] JACK H. SIMMONS, DONALD N. ZILLMAN & DAVID G. GREGORY, MAINE TORT LAW § 17:09 at 17-21 (2004 ed.).

[14] Creamer v. Danks, 700 F. Supp. 1169, 1171 (D. Me. 1988), aff'd, 863 F.2d 1037 (1st Cir. 1988).

3

In 1969, Maine adopted its Unfair Trade Practices Act, enforceable by the Maine Attorney General.[15] In 1973,[16] it added a private remedies provision that currently reads:

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful . . . may bring an action . . . for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper.[17]

That is the basis for the plaintiffs' request for recovery in Count I. The Maine Unfair Trade Practices Act says nothing about how this right of recovery interacts with common law privileges.[18]

The parties have cited no Maine decision that applies the judicial proceedings privilege defense to a statutory claim.[19] Although Maine's tort law treatise says the privilege bars "all causes of action, not just defamation claims,"[20] the treatise does not deal explicitly with statutory claims.

---

[15] P.L. 1969, ch. 577, § 1; Bartner v. Carter, 405 A.2d 194, 199 (Me. 1979).
[16] P.L. 1973, ch. 251, as amended by P.L. 1973, ch. 788, § 13; P.L. 1979, ch. 451; P.L. 1983, ch. 29, § 2; and P.L. 1991, ch. 536, §§ 1, 2.
[17] 5 M.R.S.A. § 213.
[18] Maine's Unfair Trade Practices Act states that it does not "apply to . . . [t]ransactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the State or of the United States." 5 M.R.S.A. § 208. The plaintiffs argue that this is a limited immunity under the statute and that the statute has thereby "spoken to [the judicial proceedings privilege] issue" and that I should not imply any other immunities. Pls.' Opp'n to Def.'s Second Mot. to Dismiss at 7. To construe section 208 as bearing upon the common law judicial proceedings privilege asserted in this case is a stretch I am not prepared to make. I leave such arguments to the Maine Law Court.
[19] See Def.'s Mot. to Dismiss Count I of Pls.' First Am. Compl. at 4 (Docket Item 86) ("Maine's judicial proceedings privilege has yet to be considered specifically in the context of a statutory claim"); Pls.' Opp'n to Def.'s Second Mot. to Dismiss at 8 ("Maine has not addressed the applicability of the judicial privilege to statutory claims").
[20] JACK H. SIMMONS, DONALD N. ZILLMAN & DAVID G. GREGORY, MAINE TORT LAW § 17:09 at 17-21 (2004 ed.).

GMAC cites cases from two other jurisdictions that it says apply the judicial proceedings privilege to statutory (not UTPA) claims.[21] The plaintiffs cite a Utah case that held that the privilege does not apply to a consumer protection statute.[22] In response, GMAC points out that another Utah federal court decision, Johnson v. Riddle,[23] reached the opposite conclusion. However, in Johnson, the district judge reconsidered that decision on a motion by the plaintiff and decided to certify to the Utah Supreme Court the question whether the judicial proceedings privilege applies to a newly created statutory cause of action.[24] The parties then settled the case before the Utah Supreme Court ruled on the certified question.[25]

I conclude, therefore, in the terminology of Rule 25 of the Maine Rules of Appellate Procedure, that there is involved in this proceeding before me a question of law of the State of Maine which may be determinative of the case and that there are no clear controlling precedents in the decisions of the

---

[21] Waterloov Gutter Prot. Sys. Co., Inc. v. Absolute Gutter Prot., LLC, 64 F. Supp. 2d 398, 415 (D.N.J. 1999); Plymale v. City of Fresno, 2009 WL 1810765, at *17 (E.D. Cal. June 25, 2009). For a more recent case applying New Jersey's common litigation privilege to statutory claims, see Rickenbach v. Wells Fargo Bank, N.A., 2010 WL 920869, at *6 (D.N.J. Mar. 8, 2010). See also Heavrin v. Nelson, 384 F.3d 199, 203 (6th Cir. 2004) (Kentucky law).
[22] Brown v. Constantino, 2009 WL 3617692, at *5 (D. Utah Oct. 27, 2009).
[23] 2007 WL 528719 (D. Utah Feb. 15, 2007).
[24] Johnson v. Riddle, 2007 WL 1732400, at *1 (D. Utah June 14, 2007).
[25] Brown v. Constantino, 2009 WL 3617692, at *5. The Utah Supreme Court had already applied the judicial proceedings privilege to a statutory claim in Bennett v. Jones, Waldo, Holbrook & McDonough, but the statute at issue in Bennett did "not create a separate and distinct cause of action, but rather merely provid[ed] for recovery of treble damages for a [common law] cause of action." 70 P.3d 17, 33 (Utah 2003). In certifying the question to the Utah Supreme Court, the federal district court said that the Utah Supreme Court has "never addressed the privilege in the context of a newly created statutory cause of action" and "is best suited to settle this issue." Johnson v. Riddle, 2007 WL 1732400, at *1.

Supreme Judicial Court.[26] I propose to certify the following question of law to the Law Court:[27]

> Is Maine's common law absolute judicial proceedings privilege an available defense to claims brought under the Maine Unfair Trade Practices Act?

The parties shall have until May 24, 2011 to comment on how I have framed the question. I invite them also by that same date to stipulate any proposed language for the other components of the certification under Rule 25(b) of the Maine Rules of Appellate Procedure (*e.g.*, "statement of facts showing the nature of the case and the circumstances out of which the question of law arises") or, if they are unable to stipulate, to propose their respective language for those components.

**SO ORDERED.**

**DATED THIS 9TH DAY OF MAY, 2011**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[26] There is also no clear guidance from decisions in other jurisdictions.
[27] I do not certify my earlier rulings. The plaintiffs are free to appeal those rulings to the First Circuit at an appropriate time if they believe that they are incorrect.