UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NICOLLE BRADBURY, ET AL., )<br>)<br>PLAINTIFFS )<br>)<br>v. )<br>)<br>GMAC MORTGAGE, LLC., )<br>)<br>DEFENDANT ) | No. 2:10-cv-458-DBH |

**CERTIFICATE OF QUESTION OF STATE LAW
TO THE MAINE SUPREME JUDICIAL COURT
SITTING AS THE LAW COURT**

The United States District Court for the District of Maine finds that this case involves a question of law of the State of Maine that may be determinative of the cause and that there are no clear controlling precedents thereon in the decisions of the Maine Supreme Judicial Court sitting as the Law Court.

Accordingly, this court hereby **CERTIFIES** a question to the Maine Supreme Judicial Court sitting as the Law Court and respectfully requests the Law Court to provide instructions concerning the question of state law pursuant to 4 M.R.S.A. § 57 and Maine Rule of Appellate Procedure 25(a).

**PROCEDURAL BACKGROUND**

In this lawsuit brought originally in the Maine Superior Court, the plaintiffs asserted Maine state law claims based upon the conduct of the defendant GMAC Mortgage, LLC in the course of judicial foreclosure proceedings in the courts of Maine against Maine homeowners. The defendant removed the case to this federal court, basing federal jurisdiction upon

diversity of citizenship. I granted the defendant's motion to dismiss all the common law claims in the First Amended Complaint for failure to state a claim upon which relief could be granted. In doing so, I referred in dictum to Maine's absolute judicial proceedings privilege. Thereafter, the defendant moved to dismiss the sole remaining claim, a Maine statutory claim based upon the Unfair Trade Practices Act ("UTPA"), seeking both damages and equitable relief. The defendant argues that the absolute judicial proceedings privilege gives it an affirmative defense to that claim, apparent on the face of the First Amended Complaint. In my Order dated May 9, 2011, I observed that there is no clear controlling Maine precedent on whether the absolute judicial proceedings privilege, a privilege created at common law, applies to a statutory claim under the UTPA.

### STATEMENT OF FACTS

The Law Court may consider as true the following assertions based upon the First Amended Complaint. (The defendant GMAC Mortgage, LLC contests the assertions but maintains that the plaintiffs' Unfair Trade Practices Act claim must fail as a matter of law even if the assertions are true.)

The plaintiffs are Maine homeowners or former homeowners against whom foreclosure proceedings have been brought in the courts of Maine. The defendant GMAC Mortgage, LLC handled those judicial foreclosure proceedings both for mortgage loans that it owns and for those that it services for other entities. In the course of those judicial proceedings, GMAC Mortgage, LLC employees executed and filed summary judgment affidavits and certifications of ownership of mortgages and mortgage notes. Employee Jeffrey Stephan, who

signed summary judgment affidavits and certifications of ownership, lacked personal knowledge of the facts necessary to support such affidavits and certifications (including whether documents he had were true and correct copies; and the amounts actually due for attorneys fees and collection costs). The affidavits and certifications asserted falsely that Stephan had under his custody and control the records relating to the mortgage transactions in question, that the facts set forth in the affidavit were derived from his personal knowledge of the records, and that the records were made at or near the time of the transaction or came from information transmitted by someone with personal knowledge. He did not fully read the affidavits, and did not verify all the information. Moreover, the notarization on the documents falsely stated that Stephan personally appeared and swore before the notary, when he did not. GMAC Mortgage, LLC has previously been sanctioned for such practices in another state court, but has continued the practices, and they are widespread and continuing. GMAC Mortgage, LLC's conduct has resulted in loss of plaintiffs' homes to foreclosure proceedings, unfair charges for attorney fees and costs, and unfair imposition of expenses incurred in defending against the actions.

## QUESTION OF LAW TO BE ANSWERED[1]

This lawsuit is not an effort to vacate particular Maine foreclosure judgments based upon false affidavits or certifications.[2] Instead, the plaintiffs

---

[1] I am not certifying any question concerning the common law claims for abuse of process and fraud on the court, because I have concluded that Maine law is clear as to what is necessary to state a claim upon which relief can be granted for those claims. The plaintiffs agreed to dismissal of their common law claim for breach of good faith and fair dealing. Pls.' Opp'n to Def.'s Mot. to Dismiss Compl. at 1 (Docket Item 59).

seek damages in this separate lawsuit, as well as an injunction against the use of affidavits and certifications that do not comply with procedural rules in judicial foreclosure proceedings, an injunction against further foreclosure actions, home sales, and evictions, and other equitable relief. The plaintiffs contend that the false certifications and affidavits that GMAC Mortgage, LLC used in the Maine judicial foreclosure proceedings amounted to an unfair trade practice under the Maine Unfair Trade Practices Act and that they are entitled to relief under 5 M.R.S.A. § 213.

The defendant seeks dismissal of the last remaining claim, Count I, the UTPA claim, on the basis that the statements it made in these affidavits and certifications in judicial foreclosure filings are absolutely privileged from the relief requested in this separate lawsuit. The judicial proceedings privilege developed at common law. See Dineen v. Daughan, 381 A.2d 663, 664 (Me. 1978); Dunbar v. Greenlaw, 128 A.2d 218 (1956); Garing v. Fraser, 76 Me. 37 (1884); Barnes v. McCrate, 32 Me. 442 (1851); JACK H. SIMMONS, DONALD N. ZILLMAN & DAVID G. GREGORY, MAINE TORT LAW § 17:09 at 17-21 (2004 ed.). There is no Law Court precedent addressing whether it applies to a statutory cause of action such as was created by the UTPA. The UTPA says nothing about it one way or the other. Decisions from other jurisdictions are limited and divided. Compare Plymale v. City of Fresno, No. 09-0802, 2009 WL 1810765, at *17 (E.D. Cal. June 25, 2009), Waterloov Gutter Prot. Sys. Co., Inc. v. Absolute Gutter Prot., LLC, 64 F. Supp. 2d 398, 415 (D.N.J. 1999), and

---

[2] This lawsuit is therefore unlike the recent Law Court case, HSBC Mortg. Servs., Inc. v. Murphy, 2011 Me. 59 (Me. 2011).

4

Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007), with Brown v. Constantino, No. 09-00357, 2009 WL 3617692, at *5 (D. Utah Oct. 27, 2009). Moreover, there is disagreement over whether the privilege extends beyond damages to equitable relief. Compare Bakhtiari v. Beyer, No. 06-1489, 2009 WL 877884 (E.D. Mo. Mar. 30, 2009) (Missouri law; yes), Boss v. Kelly, No. 07-2113, 2007 WL 2412261 (S.D.N.Y. Aug. 23, 2007) (New York law; yes), and Rubin v. Green, 847 P.2d 1044 (Cal. 1993) (California law; yes, by split decision), with Huftile v. Farmer, No. 03-0585, 2006 WL 335470 (E.D. Cal. Feb. 10, 2006), aff'd, 2006 WL 707403 (E.D. Cal. Mar. 17, 2006) (refusing to apply judicial proceedings privilege in California to injunctive relief because of Pulliam v. Allen, 466 U.S. 522 (1984), without referring to Rubin, 847 P.2d 1044 (Cal. 1993)).

If the Maine Law Court were to find that the judicial proceedings privilege provides absolute immunity as to the remedies sought under the Maine Unfair Trade Practices Act for these documents filed in state judicial foreclosure proceedings, then the lawsuit will be dismissed in its entirety.

In order for this court to rule on the Motion to Dismiss Count 1, the following question of Maine Law must be answered:

> Is Maine's common law judicial proceedings privilege an available defense to both legal and equitable claims brought under the Maine Unfair Trade Practices Act based upon statements made in court filings of affidavits and certifications in state judicial foreclosure proceedings?

In accordance with Maine Rule of Appellate Procedure 25(b), I respectfully suggest that the plaintiffs be treated as the appellants before the Law Court.

The Clerk is hereby **DIRECTED** to cause twelve (12) copies of this Order to be certified, under official seal, to the Maine Supreme Judicial Court sitting as the Law Court. It is **FURTHER ORDERED** that the Clerk of this Court be, and is hereby, authorized and directed to provide, without any cost, to the Law Court, upon written request of the Chief Justice or the Clerk thereof, copies of any and all filings of the parties herein and of the docket entries pertaining to this case.

**SO ORDERED.**

**DATED THIS 17TH DAY OF JUNE, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**